# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ALVIN LEVINE,

        Plaintiff,

    v.

EQUIFAX INFORMATION
SERVICES LLC and SYNCHRONY
BANK,

        Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ALVIN LEVINE (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and SYNCHRONY BANK (hereinafter "Synchrony") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Florida Consumer Collection Practices Act ("FCCPA") Fl. Stat. § 559.72 *et seq.*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA and FCCPA.

1

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICATION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA, and 28 U.S.C. § 1367.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Volusia County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.   Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.   Synchrony is an FDIC insured federal savings bank headquartered at 170 Election Road, Suite 125 in Draper, Utah 84020 that conducts business in the State of Florida.

14.   Synchrony is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

15.   Synchrony furnished Plaintiff's information to Equifax which was inaccurate.

## FACTUAL ALLEGATIONS

16.   Plaintiff is alleged to owe a debt to Synchrony, account number ending x8194, for an Amazon credit card (hereinafter "Synchrony Account"). Plaintiff does not have a Synchrony account, nor has he ever applied or given permission to anyone to apply using his information for an account with Synchrony.

17.   On or about February 2023, Plaintiff received an Amazon credit card in the mail. However, Plaintiff had not recently applied for or opened any credit accounts or loans.

18.   Shortly thereafter, Plaintiff contacted Synchrony to dispute the Synchrony Account and advise the account did not belong to him.

19.     On or about March 10, 2023, Plaintiff completed Synchrony's Fraud Investigation Packet advising that he did not apply for the card and that the charge of $12.34 made on February 19, 2023, and charge of $140.26 made on February 24, 2023, were not authorized.

20.     Shortly thereafter, Synchrony issued a replacement credit card to Plaintiff, and in or about April 2023, Plaintiff received a billing statement from Synchrony which stated the Synchrony Account had a balance of $156.41.

21.     Plaintiff again contacted Synchrony to dispute the Synchrony Account as not his.

22.     In response, Synchrony again issued a replacement card to Plaintiff.

23.     In or about June 2023, Plaintiff received another billing statement from Synchrony which stated the Synchrony Account had a balance of $160.32.

24.     On or June 27, 2023, Plaintiff reported the inaccurate Synchrony to the Consumer Financial Protection Bureau (hereinafter "CFPB"), File ID 230627-11406885.

25.     In the CFPB report, Plaintiff detailed the fact that the Synchrony Account was fraudulent and not his, and he requested an investigation into the erroneous account.

26.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

27.     Upon information and belief, Equifax failed to review the CFPB Complaint that Plaintiff filed and reported the fraudulent account on his credit report.

28.     In or about August 2023, as requested by Synchrony, Plaintiff again completed a Fraud Investigation Packet advising that he did not apply for the credit card and that the charges were not authorized.

29.     In or about November 2023, Plaintiff observed the fraudulent Synchrony Account was being reported to his Equifax credit report.

30.     Shortly thereafter, Plaintiff contacted Equifax to dispute the erroneous reporting and advised the Synchrony Account was not authorized by him and did not belong to him.

31.     On or about November 26, 2023, Plaintiff received another billing statement from Synchrony which stated the Synchrony Account had a balance of $160.07.

32.     Plaintiff did not receive dispute results in the mail from Equifax in response to his November dispute. However, on or about December 6, 2023, Plaintiff obtained a copy of his Equifax credit report and observed the Synchrony Account

continued to be reported with a balance of $160 and a comment which indicated the Synchrony Account was previously disputed and verified as accurate.

33.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Synchrony.

34.     Equifax never attempted to contact Plaintiff during the alleged investigation.

35.     Upon information and belief, Equifax notified Synchrony of Plaintiff's dispute. However, Synchrony failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

36.     On or about December 18, 2023, Synchrony responded to Plaintiff's CFPB Complaint by stating they stand by their decision that the Synchrony Account was valid. Further, the response stated the Synchrony Account "application was submitted via internet from the AT&T Corp IP Address 45.19.208.187 in Boca Raton, Florida".

37.     Boca Raton, Florida is located over 200 miles away, an over three (3) hour drive, from Plaintiff's home located in Ormand Beach, Volusia County, Florida.

38.     On or about December 18, 2023, Plaintiff filed a Federal Trade Commission Identity Theft Report. In this Report, he explained that he is a victim

of identity theft and that the Synchrony Account was opened under his name and listed in his credit reports.

39.    Due to the continued inaccurate reporting, on or about December 18, 2023, Plaintiff mailed a detailed written dispute letter to Equifax. Plaintiff explained that he believed he was a victim of identity theft and that the Synchrony Account was not his and did not belong to him. Plaintiff included an image of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of correspondence with Synchrony regarding the fraudulent Synchrony Account, images of his fraud investigation packet provided to Synchrony, and images of his filed Federal Trade Commission Identity Theft Report, number 167471723.

40.    Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9589 0710 5270 0709 8991 24.

41.    On or about December 28, 2023, Equifax responded to Plaintiff's dispute letter by stating his request for a security block was denied.

42.    Plaintiff did not receive dispute results in the mail from Equifax regarding in detailed dispute letter.

43.     However, on or about January 8, 2024, Plaintiff obtained an updated copy of his Equifax credit report, and to his relief, the Synchrony Account had been removed.

44.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

   iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

   iv.    Reduction in credit score; and

    v.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

45.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

46.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

48.     Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

49.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

50.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

51.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ALVIN LEVINE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

52.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

53.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54.   Equifax allowed for Furnisher(s) to report inaccurate information on an account.

55.   Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

56.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

57.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

58.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ALVIN LEVINE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff

his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

59.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

60.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

61.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

62.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

13

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

63.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ALVIN LEVINE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

65.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

66.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing

to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

67.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

68.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

69.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

70.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ALVIN LEVINE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Synchrony Bank (Negligent)**

71.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

72.     Synchrony furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

73.     After receiving Plaintiff's disputes, Synchrony violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

74.     Plaintiff provided all the relevant information and documents necessary for Synchrony to have identified that the account was fraudulent.

75.     Synchrony did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Synchrony by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

76.     Synchrony violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

77.     As a direct result of this conduct, action, and/or inaction of Synchrony, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

78.     The conduct, action, and inaction of Synchrony was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

79.     Plaintiff is entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ALVIN LEVINE, respectfully requests that this Court award actual damages against Defendant, SYNCHRONY BANK, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Synchrony Bank (Willful)**

80.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

81.    Synchrony furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

82.    After receiving Plaintiff's disputes, Synchrony violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

83.    Plaintiff provided all the relevant information and documents necessary for Synchrony to have identified that the account was fraudulent.

84.     Synchrony did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Synchrony by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

85.     Synchrony violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

86.     As a direct result of this conduct, action, and/or inaction of Synchrony, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

87.     The conduct, action, and inaction of Synchrony was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

88.     Plaintiff is entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ALVIN LEVINE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, SYNCHRONY BANK, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VII
### Violation of Florida Statute § 559.72(9)
### Defendant, Synchrony Bank

89.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

90.     Synchrony violated Florida Statute § 559.72(9) by attempting to collect a debt it knew was inaccurate and not legitimate.

91.     Synchrony had all the information it needed to determine that the debt was inaccurate and not legitimate, and yet repeatedly attempted to collect payment from Plaintiff stating that he owed an illegitimate debt of $160.

92.     As a direct result of this conduct, action, and/or inaction of Synchrony, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

93.    Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from Synchrony pursuant to the FCCPA.

94.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Synchrony in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, ALVIN LEVINE, respectfully requests a finding of actual, statutory, compensatory, and punitive damages against Defendant, SYNCHRONY BANK, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALVIN LEVINE, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and SYNCHRONY BANK, jointly and severally; attorneys' fees and costs; prejudgment

and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 12th day of January 2024.

Respectfully Submitted,

*/s/ Christopher Legg*
Christopher W. Legg, Esq.
Florida Bar #: 0044460
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Office: 813-299-8537
Facsimile: 844-951-3933
Primary Email:
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC

412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*